BUTTS v. CITY OF ROCHESTER, appellant.

*Municipal corporations — Charter of Rochester — ordinance of common council — assessments for improvements.*

The language employed in the charter of the city of Rochester, and the acts amending the same, manifests an intent on the part of the legislature to make assessments for local improvements, whether in form upon lands, or against the owners and occupants, binding personally on the individuals, as well as a charge upon the lands assessed.

It is not material that an ordinance directing an assessment is not couched in the precise language used in the charter, if the substance of it is the pro-

viding for an assessment to defray the expense of the improvement recited
in it.

An ordinance of the common council directed that the whole expense of an
improvement should be defrayed by an assessment upon the "owners and
occupants" of property to be benefited, instead of upon the "lots and parcels
of land" within the district of assessment, as required by the act of 1870,
amending the charter. *Held*, that the variance between the charter and the
ordinance was, at most, a mere irregularity, which could not affect the pro-
ceeding.

APPEAL from a judgment in favor of plaintiff entered on the
report of a referee.

The action was brought by Isaac Butts against the city of Rochester
to recover back money alleged to have been illegally collected from
the plaintiff under a tax or assessment warrant.

The charter of the city of Rochester, as amended in 1870, directs
that whenever the common council shall determine that the whole
or any part of the expense of any improvement, not requiring the
taking of any land by the city, shall be defrayed by an assessment
on the real estate to be benefited thereby, it shall make an order,
reciting the improvement, the amount of expense to be assessed,
and the portion or part of the city on which the same is to be
assessed, and directing the assessors to make an assessment upon all
the lots and parcels of land within the portion or part so designated,
of the amount of expense, in proportion, as near as may be, to the
advantage which each shall be deemed to receive by the making of
such improvement. Laws of 1870, chap. 718, §§ 6, 7.

On the 9th of January, 1872, the common council passed an
ordinance, authorizing the construction of a bridge, by which it
was directed that "the whole expense shall be defrayed by an assess-
ment upon the *owners and occupants* of houses and lands to be
benefited thereby," specifying the lots and parcels within a certain
territory described therein; and the assessors were directed to make
an assessment "upon all the *owners and occupants* of lands and
houses within the portion or part of the city so designated of the
amount of expense," etc.

Proceedings were had under this ordinance by which the plain-
tiff, who was the owner of certain lots within the territory described,
was assessed, as such owner, to the amount of $640. The plaintiff
failing to pay the tax, the collector levied upon his property. The
plaintiff then paid the tax, and brought this action to recover the
money so paid.

The referee held that the ordinance of January 9, 1872, was not in pursuance of the city charter, because it directed the assessment to be made on the *owners* and *occupants* of the land benefited by the improvement, instead of on the *lots* and *parcels* of the district benefited; that the assessment was therefore void, and the plaintiff was entitled to recover the tax paid.

*James Breck Perkins,* for appellant. The ordinance of January 9, 1872, was valid. The assessment was made according to law. *Matter of Turfler,* 44 Barb. 46, has no application to this case. The plaintiff cannot complain of the amount of the tax, or that his lands were not benefited. *People ex rel. Butts* v. *City of Rochester,* 5 Lans. 142. And having neglected to appear before the common council or assessors, he cannot now be heard to raise these objections. Any irregularity or error in the ordinance or assessment is cured by sections 208 and 209 of the charter. *Harren* v. *City of Rochester,* TALCOTT, J.; not reported. Assessors have general jurisdiction to impose a tax upon residents. *N. Y. & Harlem R. R. Co.* v. *Lyon,* 16 Barb. 651, 656.

*James L. Angle,* for respondent. The ordinance was void. *Matter of Turfler,* 44 Barb. 46; *Westfall* v. *Preston,* 49 N. Y. 349. The defect is not cured by sections 207 and 208 of the charter. *Ireland* v. *City of Rochester,* 51 Barb. 414, 431. The expense of making this improvement could not properly be defrayed by local assessment. *Hammett* v. *Philadelphia,* 65 Penn. St. 146; 3 Am. R. 615.

GILBERT, J. The learned referee put his decision upon the ground that the only assessment which the common council could lawfully cause to be made was one that should create a charge upon *lands* only, and not one which would create a *personal* liability against the persons named in the roll, to pay the sums assessed. In this we think the referee erred. It is true that the charter of the city, as amended in 1870 (§ 192), requires that the ordinance authorizing the improvement shall direct the assessment to be made upon the lots and parcels of land within the district of assessment, in proportion as nearly as may be to the advantage which each shall be deemed to receive by the making of the improvement. Before the amendment of 1870, the charter required that such ordinance should direct the assessment to be made on all the

owners and occupants of land and houses within the district of assessment (Laws 1861, chap. 143, § 192); and the mode in which the assessment should be prepared and authenticated was then, and still is, specifically declared. The assessors were to make an assessment-roll, in which should be entered the names of the persons assessed, the value of the property for which they were assessed, and the amount assessed to them respectively. (Laws 1861, chap. 143, § 195; Laws 1865, chap. 553, § 16; Laws 1870, chap. 718, § 8). That act also provided that city assessments should be collected in the same manner as the annual city taxes — that is, by distress and sale of goods and chattels (§§ 130, 203); and that whether assessed upon lands or upon owners and occupants, they should be, and remain, a lien upon the real estate, in respect to which they were made. (§ 209.) It also provided that in the absence of an agreement to the contrary, the owner or landlord, and not the occupant or tenant, should be personally liable for the payment of every such assessment. (§§ 204, 205.) The provisions of the act of 1861 have continued in force through all succeeding alterations of the charter. The only important change on this subject is that alluded to in respect to the ordinance. The amendatory act of 1870 (chap. 718, § 10) declared that an assessment for a public improvement should create a personal obligation or liability against the owner of the lot or parcel of land assessed, to pay the city of Rochester the amount thereof, and authorized an action for the collection thereof in addition to any other remedies for enforcing such collection.

The language of these enactments seems to us to manifest an intent on the part of the legislature to make an assessment for a local improvement — whether in form made against the owners and occupants or upon lands — binding personally on the individuals as well as a charge upon the lands assessed. We can give the statute no other construction. There can be no longer any question of the validity of this kind of legislation. An assessment like the one under consideration is an exercise of the taxing power (*People* v. *Brooklyn*, 4 N. Y. 419), and must be submitted to accordingly, whether the proceeding be called an assessment upon lands or a tax against individuals, therefore the legal effect of it is the same; for it creates a debt, payment of which may be enforced in the same manner as any other debt. See *Mayor* v. *Colgate*, 12 N. Y. 140; *Litchfield* v. *McComber*, 42 Barb. 288. Nor is it material that the ordinance directing the assessment was not couched in the precise

language used in the charter. The substance of it was the providing for an assessment to defray the expense of the improvement recited in it. The duty of making the assessment devolved upon the assessors, and the manner in which that duty should be performed, and the legal effect of their act upon lands and individuals, was fixed by the statute and not at all affected by the ordinance.

No lack of conformity to the charter, in any other respect than that on which the referee placed his decision, has been suggested. Jurisdiction having been duly acquired, we think the alleged defect in the ordinance was, at most, a mere irregularity. No new formal defect or irregularity can affect the proceeding. Charter, § 208.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

*New trial granted.*